WRIGHT, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 8, 1906.

1. **PRACTICE: Killing Stock by Railroad: Jurisdiction.** In an action begun before a justice of the peace against a railroad company for running its train over and killing the plaintiff's mule, where the complaint alleged that the defendant's road ran through the township and that the accident occurred on its road, it was sufficient to show jurisdiction, for by inference the allegation was that the accident occurred in the township.

2. ———: ———: **Electing Causes of Action.** Where the plaintiff sued a railroad company for damages caused by killing plaintiff's mule, in two counts, the first alleging a violation

of section 1105, and the second stating a cause of action at common law for damages caused by defendant's negligence, and where the evidence to sustain the first count tended to show that the defendant had failed to maintain a fence along its right of way, and the evidence to sustain the second count tended to show that the plaintiff's mule got upon the track within defendant's depot grounds and was run over by the negligence of defendant's engineer, the plaintiff was not required to elect on which count he should go to the jury.

3. ———: **Prima Facie Case.** In such case where the evidence tended to show that the mule got upon the track and ran in front of the engine a distance of eighty yards before it was killed, and where the view was unobstructed, it was a question for the jury whether the conductor saw the mule and could by reasonable care have prevented the accident, although he testified that he didn't see it.

Appeal from Marion Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*J. G. Trimble* and *Ben F. Glahn* for appellant.

(1)   This suit was instituted before a justice of the peace, and the transcript by him filed in the circuit court fails to show that the suit was instituted before a justice of the township in which the injury occurred, or a justice of some adjoining township.   Therefore the court had no jurisdiction to try the cause attempted to be stated in the first count of plaintiff's statement, which was for double damages and the court committed error in not sustaining the objection to the introduction of any evidence on said first count, which objection was made by the defendant at the beginning of the trial.   R. S. 1899, sec. 1105; Carter v. Railroad, 156 Mo. 635-9, 57 S. W. 738; Rohland v. Railway, 89 Mo. 180; Jewett v. Railway, 38 Mo. App. 48; Lindsey v. Railway, 36 Mo. App. 51.   (2)   The court committed error in not sustaining the demurrer to the evidence, as to the second count in plaintiff's statement, offered at the close of

plaintiff's testimony.   Lloyd v. Railroad, 49 Mo. 199;
Wasson v. McCook, 70 Mo. App. 393.   A railroad com-
pany is not chargeable with negligence in injuring live
stock on its tracks, unless it be shown that after the
stock was discovered, the company could without im-
periling the persons or property intrusted to it for trans-
portation, have avoided the injury.   Wallace v. Railway,
74 Mo. 594.   (3)   The giving of plaintiff's instruction
No. 1 was error.   Because there was no evidence in the
case on which to base the same. There is no evidence that
"the servants and agents of defendant operating said
train" saw the mule on the track at any time before it
was struck by the train.   And Borders, the engineer,
states positively that he did not see the mule at all.
Instructions must be based on the evidence in the
case.   Mathews v. Grain Elevator Co., 59 Mo. 474-478;
Hofelman v. Valentine, 26 Mo. 393; Hasse v. Lemp, 26
Mo. 394; Kennedy v. Railway, 36 Mo. 351-364-5; Glenn
v. Lehnen, 54 Mo. 45-52; Chouteau v. Searcy, 8 Mo. 733;
Danker v. Goodwin Mfg. Co., 102 Mo. App. 723, 77 S.
W. 338.

*E. W. Nelson* and *W. M. Boulware* for respondent.

(1)   The statement filed in this cause before the
justice of the peace, and the transcript of the proceed-
ings sent up to the circuit court, sufficiently show the
allegations necessary to vest the justice with jurisdic-
tion to try the cause and the doctrine contended for by
appellant does not apply.   Carter v. Railway, 156 Mo.
638, 57 S. W. 738; Hale v. Railroad, 88 Mo. App. 570.
(2)   It is permissible to state the same cause of action
in different ways in different counts for purpose of so
varying the form of the statement as to meet any possi-
ble state of proof.   Missouri Code Pleading, sec. 236;
Brinkman v. Hunter, 73 Mo. 172.   (3)   If one and the
same cause of action is stated in different counts, while
the court may strike out either one of them, its refusal

to compel plaintiff to elect on which count he will go to trial, is not reversible error. Freet v. Railway, 63 Mo. App. 548; Bremer v. Central Lead Co., 69 Mo. App. 601. (4) If there is no necessary inconsistency between the counts, but they are for the same cause of action, so that only one judgment can be had, the court's refusal to cause election, does not amount to prejudicial error under the decision. Robert v. Railway, 43 Mo. App. 290. There was but one cause of action stated in two counts and the court did not err in refusing to compel plaintiff to elect. Bliss on Code Pleading, secs. 118, 309; McNess v. Railroad, 22 Mo. App. 224-234; Anenrieth v. Railroad, 36 Mo. App. 254. (5) As this was a place open, unfenced and along public highway, defendant is required in addition to the statutory duties as to ringing of bell or sounding of a whistle (R. S. 1899, sec. 1102) to keep a reasonable lookout, with the view of discovering any animal that may so stray upon its track, in time to prevent running over and killing, or injuring them. Hill v. Railway, 49 Mo. App. 534, 121 Mo. 477, 26 S. W. 576; Harlem v. Railway, 65 Mo. 22; Isabel v. Railway, 60 Mo. 482; Yarnell v. Railway, 75 Mo. 575; Hiltz v. Railway, 101 Mo. 53, 13 S. W. 946; Burger v. Railway, 112 Mo. 346, 20 S. W. 439.

BLAND, P. J.—The suit was commenced before a justice of the peace in Fabius township, Marion county, and was to recover damages for the alleged killing of plaintiff's mule by one of defendant's trains. The complaint is in two counts: the first is bottomed on section 1105, Revised Statutes 1899; the second alleges negligence as at common law. In due course the case was taken by appeal to the Marion Circuit Court, where on a trial *de novo* the jury found the issues for plaintiff on the second count of the petition.

Plaintiff's evidence tends to show that his mule was run upon by one of defendant's trains within the switch

limits of Taylor, a station on defendant's road, in Fabius township, Marion county, at about 5:30 o'clock a. m., September 20, 1903; that the mule was or could have been seen by the engineer in charge of the train at least three hundred and fifty-eight yards from the point of collision; that the stock whistle was sounded but no effort whatever was made by the engineer to stop the train or check its speed.

The engineer in charge of the train testified he saw some horses and a mule at a public road-crossing beyond the point where the mule is alleged to have been struck by the train, but stated he did not see the mule that was killed at all and did not know that it was on the track or was struck by the engine, and did not hear of it until sometime afterwards. He testified that when he saw the horses and mule on the crossing, he sounded the stock signal and checked the speed of his train and had it in perfect control, but when the horses and mule passed over the crossing, he threw off the brakes and let the train speed on; that the train consisted of an engine, tender and fourteen freight cars and could have been stopped within a space of about four hundred feet. The fireman did not look and saw nothing, but testified that he heard the stock whistle and noticed that the speed of the train was slowed down when the whistle was sounded and then in a moment started up again.

1. On the threshold of the case defendant objected to the introduction of any evidence, on the ground that the complaint failed to allege in what township the accident occurred. It is alleged in both counts of the complaint, that defendant's road runs through Fabius township. It is not alleged that it runs anywhere else than through this one township. It is alleged that defendant was running its train upon said road, etc. As courts do not take judicial notice of the termini of railroads, the fair inference from the allegations in the complaint, is that while running its train in Fabius

township, not in some other locality or township, where it is not alleged the defendant had a road, the mule was run upon and killed. We agree with the learned trial judge that while the complaint should have been more definite and specific in this respect, it is sufficient to show, inferentially, that the accident happened in Fabius township.

2. At the close of the evidence the defendant moved the court to require the plaintiff to elect upon which count it would go to the jury. The court overruled this motion. This ruling is assigned as error. As the jury, in effect, found for defendant on the first count, we cannot see how it was prejudiced by the refusal of the court to compel the plaintiff to elect; however, it is contended that the evidence in support of the first count was so intermingled and interwoven with the evidence in support of the second count as to confuse the jury. We think the facts refute this contention. To sustain the first count, the plaintiff introduced evidence for the purpose of showing that the company had failed to erect and maintain a fence along its right of way, as required by statute. To sustain the second count, plaintiff's evidence tends to show that the mule got upon the track within the depot grounds of the defendant and through the negligence of defendant's engineer in charge of its train, was run down and killed inside its said depot grounds. No sane man would confuse the evidence in support of the first count with the evidence in support of the second.

3. The court refused defendant's instruction asked at the close of all the evidence, in the nature of a demurrer to the evidence, and gave the following instruction for plaintiff on the second count:

"If the jury believes from the evidence that plaintiff's mule with other mules and horses of plaintiff escaped from his barn lot on the twentieth day of September, 1903, and passing down a public road, went upon the

right of way of defendant, and that the mule in question went upon the track of defendant and was run down and killed by an approaching train of cars of defendant, and that the servants and agents of defendant operating said train became aware of the dangerous position, if any, of said mule, in time, by the exercise of reasonable and ordinary care to check the speed of or stop said train and prevent striking, injuring and killing said mule, and if the jury further believe from the evidence that said servants and agents of defendant then and there failed after being aware of the dangerous position of said mule, to exercise such ordinary or reasonable care and failed to check or stop said train, and that by reason thereof said mule was struck and killed, then, and in that case, the jury will find a verdict for plaintiff on second count of petition and will assess his damages at the reasonable market value of said mule at the time of the killing."

In support of its instruction in the nature of a demurrer to the evidence and in opposition to plaintiff's instruction to the second count, defendant's contention is that there is no evidence whatever that the engineer in charge of the train saw the mule at any time on the track or elsewhere. The engineer so testified. Plaintiff testified that he saw both the train and the mule, and that when he first saw them the mule was thirty-five or forty yards ahead of the train, running from it and continued to run for about eighty yards before it was overtaken and struck by the engine and that the speed of the train was not checked. Plaintiff was corroborated by Peter Kincaid, who was then in his employ as a farm hand. The evidence shows there was no obstruction on the track to prevent the engineer from seeing the mule, and he testified that he saw the horse at the crossing which were farther removed from him than was the mule that was killed. If the mule was on the track where plaintiff and his witness located it, running in

front of the engine for a distance of eighty yards before it was overtaken, in broad daylight, it is very strange that the engineer did not see it, and we think it would have been error, under the evidence, for the court to have instructed that plaintiff could not recover. The facts and circumstances are such as entitle the plaintiff to go to the jury, for they were not bound to believe the engineer did not see the mule, especially in the light of his own evidence that he saw the horses at the crossing, to see which his line of vision necessarily took in the mule.

Discovering no reversible error, the judgment is affirmed. All concur.